FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2017 AUG -1 AM 10:08

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR404-161 |
| | ) | |
| DOMINIC BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

Before the Court are Defendant Dominic Brown's Motion to Modify the Underlying Predicate Criminal Sentence (Doc. 132) and Motion to Stay (Doc. 137). In his Motion to Modify, Defendant requests that the Court "modify his underlying predicate crime sentence to the '924(c)' in light of Dean v. United State[s]." (Doc. 132 at 1.) Basically, Defendant asks this Court to reduce his sentence based on the Supreme Court's recent decision in Dean, ___ U.S. ___, 137 S. Ct. 1170, 1177 (2017), which held that District Courts possess the discretion "to consider a sentence imposed under § 924(c) when calculating a just sentence for the predicate count." In light of Dean, Defendant now asks this Court to reduce his sentence for his carjacking conviction to one day because of the ten-year mandatory minimum sentence he received for his felon in possession conviction. (Doc. 132 at 2.)

The law, however, does not empower this Court to grant Defendant's request. The Eleventh Circuit Court of Appeals has recognized that outside of Federal Rule of Criminal Procedure 35 "there exists no 'inherent authority' for a district court to modify a sentence." United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002). The ability for district courts to modify a sentence is limited by statute to only three circumstances:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

United States v. Phillips, 597 F.3d 1190, 1195 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)(1)) (internal citations omitted). None of these circumstances are present in this case. Accordingly, Defendant's Motion to Modify Sentence (Doc. 132) must be **DENIED**.

In his Motion to Stay (Doc. 137), Defendant requests that the Court withhold ruling on the Government's Motion to Authorize Payment of Restitution from Inmate Trust Account (Doc. 135). However, the Court has already granted

the Government's motion. Accordingly, Defendant's Motion to Stay (Doc. 137) is **DISMISSED AS MOOT**.

SO ORDERED this 1ST day of August 2017.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA