# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) CR404-161 ) |
| DOMINIC BROWN, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Dominic Brown has filed a letter seeking appointment of counsel and information which will allow him to proceed with a claim pursuant to *Rehaif v. United States*, 588 U.S. ___ (2019).  Doc. 152.  While petitioner does not formally request counsel pursuant to a § 2255 petition—and indeed requests that the Court *not* construe his letter as a motion, it is clear that he seeks assistance in vacating his sentence.[1]  Moreover, although petitioner does not disclose it, this

---

[1] "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Retic v. United States*, 215 Fed. App'x 962, 964 (11th Cir. 2007) (quoting *Castro v. United States*, 540 U.S. 375, 381, 124 S. Ct. 786, 791, 157 L. Ed. 2d 778 (2003)). This Court may "recharacterize a pro se litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis." *Rameses v. U.S. Dist. Court*, 523 F. App'x 691, 694 (11th Cir. 2013).

Normally, such reconstrual requires a *Castro* warning that if petitioner chooses to proceed with her motion, she will lose her ability to file any successive petition on this same matter without first seeking permission to do so from the Eleventh Circuit.  Given that petitioner's

is (at least) his third attempt at a § 2255 petition in this Court. *See* doc. 77, 122, 127. Because petitioner has neither sought nor received permission from the Eleventh Circuit to pursue a successive § 2255 petition, this Court lacks jurisdiction to consider it.

To file a second or successive § 2255 motion, movant first had to file an application with the Eleventh Circuit for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *In re Anderson*, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. *Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010). Accordingly, his letter,

---

request is already successive, any *Castro* warning is moot.

construed as a successive motion for relief pursuant to § 2255 should be **DISMISSED**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d

895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this <u>24th</u> day of March, 2020.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4